■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CAMERON, Appellant. [980 NYS2d 117]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about June 12, 2012, which adjudicated defendant a level two sexually violent offender under the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the matter remanded for further proceedings.

While we recognize a court's authority to control its calendar,

we conclude that under the unique circumstances here, the court abused its discretion by denying defendant's second request for a brief adjournment in order to obtain documentation from the Department of Corrections and Community Supervision that was relevant to the determination of his risk level, especially with regard to the issue of downward departure. Correction Law § 168-n (3) provides that the court "shall adjourn the hearing as necessary to permit [a] sex offender or the district attorney to obtain [such] materials."

The record shows that counsel moved expeditiously to obtain the relevant documentation from DOCCS and was unable to do so due to no fault of her own, that she received misinformation from DOCCS that significantly delayed her ability to obtain the relevant documentation, and that she sought only a brief adjournment that would have still permitted a timely determination of defendant's risk level. Under these circumstances, a brief adjournment should have been granted.

We have considered and rejected defendant's request for additional relief. Concur—Sweeny, J.P., Renwick, Moskowitz, Richter and Gische, JJ.